RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/22/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

GORDON C. REID          DOCKET NO. 1:13-CV-2149; SEC. P

VERSUS          JUDGE DRELL

FEDERAL BUREAU OF PRISONS          MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Gordon C. Reid, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, and he is presently in transit between the United States Penitentiary - Lee in Jonesville, Virginia and a new penitentiary to which he will be assigned. [Doc. #11] Plaintiff claims that he was wrongfully convicted of a disciplinary violation at USP-Pollock, which resulted in a loss of good time. He seeks a reversal of the conviction and monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Statement of the Case

Petitioner alleges that in October 2011, he was charged with

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

assaulting another inmate, without serious injury. [Doc. #1, p.2] Petitioner claims that he was only trying to break up a fight between two inmates. On October 11, 2011, the DHO held a hearing where Plaintiff asked that the surveillance video be reviewed to support his claim that he was trying to break up the fight. Plaintiff's request for review of the video was denied. Petitioner was found guilty of assault, as well as a related offense of disobeying an order. A sanction of thirty days loss of good time was imposed as well as 45 days of disciplinary segregation. [Doc. #1, p.3]

### *Law and Analysis*

1.  **Reversal of Conviction**

Plaintiff challenges the validity of his disciplinary conviction, and he seeks the return of good time credits that were forfeited as a result of the conviction. Such relief is not available by way of a civil rights action. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). The restoration of good time would result in Plaintiff receiving an early release from incarceration. Therefore, Plaintiff must pursue his request for the restoration of his good time through a petition for habeas corpus relief. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) (holding that habeas corpus is the exclusive remedy for a claim for restoration of good-time credits); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc)(finding inmate "cannot ... recover

good-time credits lost in a prison disciplinary proceeding" in a §1983 civil action).

2. **Monetary Damages**

The United States Supreme Court has stated that a plaintiff *may not recover damages* for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, *until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.* See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to prison disciplinary proceedings). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983 or Bivens. Id. Plaintiff seeks damages in addition to the reversal of his disciplinary conviction in this matter. Because an award of damages would call into question the validity of his disciplinary conviction, which has not been reversed or otherwise overturned, Plaintiff's claim for money damages are not cognizable at this time, per Heck and Balisok.

3. **Segregation**

In addition to the loss of good time, Plaintiff seeks damages for his placement in segregation following the disciplinary

conviction.  The Fifth Circuit has held that "segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996), quoting Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995), cert. denied, 517 U.S. 1196 (1996). Rather, it is part of the "ordinary incidents of prison life." Id., citing Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Ramirez v. Secrease, 174 F.3d 198 (Table), 1999 WL 152933 at *1 (5th Cir. Feb.19, 1999) (affirming summary dismissal of Bivens claim brought by federal prisoner who was placed in administrative segregation pending investigation for disciplinary infraction).  Without evidence that Plaintiff was harmed by his placement in segregation, he cannot maintain a cause of action under Bivens.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that (1) Plaintiff's claim regarding disciplinary segregation be **DENIED AND DISMISSED with prejudice**, (2) Plaintiff's request for reversal of his disciplinary conviction be **DENIED AND DISMISSED without prejudice to raising this claim in a petition for writ of habeas corpus**, and (3) Plaintiff's claim for damages related to his disciplinary conviction be **DENIED AND DISMISSED with prejudice to being asserted again until the Heck conditions are met**[2].

---

[2]See Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1996).

4

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 16th day of January, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE